UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HARTFORD FIRE INSURANCE CO.,          :
    Plaintiff,                     :
                          :
v.                                     :
                          :   05cv774
SEDGWICK CLAIMS MANAGEMENT             :
SERVICES,                              :
    Defendants                     :

## RULING ON PLAINTIFF'S MOTION FOR REMAND

Defendant removed this breach of contract claim from state court on May 13, 2005 on the basis of diversity.  Plaintiff now moves to have the action remanded due to defendant's failure to timely remove the action within thirty days of service of the complaint on defendant.

For the following reasons, the motion for remand will be granted.

## DISCUSSION

Removal jurisdiction must be strictly construed and enforced in favor of state court jurisdiction, because the federal courts are courts of limited jurisdiction, and because removal of a case implicates significant federalism concerns.  Villano v. Kohl's Dept. Stores, Inc., 362 F.Supp.2d 418, 419 (S.D.N.Y. 2005).  The removing party bears the burden of establishing the propriety of the removal.  Miller v. First Security Investments, Inc., 30 F.Supp.2d 347, 350 (E.D.N.Y. 1998).  Unless the balance is strongly in favor of the defendant, the plaintiff's choice of

1

forum should rarely be disturbed.  <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508 (1947).

In this instance, plaintiff provides evidence, including the marshal's return and his affidavit, that defendant was served with the complaint on April 12, 2005.  Defendant provides an affidavit from an employee of defendant's agent for service of process Corporation Service Company ("CSC") averring that service took place on April 13, 2005, and a CSCS business record noting that service of process took place on that same day.

Accordingly, the evidence stands in equipoise.  Defendant's evidence fails to demonstrate that it is more likely than not that the service took place on April 13 rather than April 12, 2005.  The motion for remand will be granted.

**CONCLUSION**

For the foregoing reasons, the motion for remand is GRANTED. The clerk is instructed to remand this case to the Connecticut Superior Court, Judicial District of Hartford at Hartford.


SO ORDERED this 22nd day of September, 2005, at Bridgeport, Connecticut.

_____/s/_____

WARREN W. EGINTON, Senior U.S. District Judge